# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BILLY KEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11-CV-137 CAS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks attorneys' fees in the amount of $3,959.31, which is based on multiplying 22.15 hours of attorney time by a rate of $178.75 per hour.[1]

Plaintiff acknowledges that in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court held that an award of attorney fees is payable to the litigant and is subject to offset to satisfy any outstanding debt owed to the government. Plaintiff states that he has assigned his fees to his attorney and "request[s] that should payment of an EAJA fee not be used to satisfy an outstanding debt, then it be made payable to" his attorneys. The defendant responds that in accordance with Ratliff, the EAJA fee is payable to plaintiff as the litigant.

---

[1] Plaintiff's Application for Attorney's Fees requests the rate of $178.75 for work performed in 2011 and $181.25 per hour for work performed in 2012. As the Commissioner points out, the $3,959.31 sought for reimbursement is based on 22.15 hours at the 2011 hourly rate of $178.75, although some work was done in 2012. In addition, the affidavit of plaintiff's counsel requests reimbursement of the $350 filing fee, but plaintiff was granted permission to proceed in forma pauperis and did not pay a filing fee. The Court notes that plaintiff did not include the $350 filing fee in the amount sought for reimbursement, so the reference in the affidavit appears to be mere surplusage.

The Court has reviewed plaintiff's application for an award of fees under the EAJA and concludes the statutory requirements are met. By Order and Judgment of Remand dated August 16, 2012, this Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. See Shalala v. Schaefer, 509 U.S. 292, 295-96 (1993). Because plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds that he is entitled to attorney's fees in the amount of $3,959.31.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED**. [Doc. 20]

**IT IS FURTHER ORDERED** that defendant Commissioner of Social Security shall pay attorneys' fees under the EAJA in the amount of Three Thousand Nine Hundred Fifty-Nine Dollars and Thirty-One Cents ($3,959.31), payable to plaintiff.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of December, 2012.